## International Fidelity Insurance Company v. Rosdor Construction Corporation

*Anthony L. V. Picciotti,* for plaintiff.
*Charles B. Pursel* and *Robert B. Surrick,* for Municipal Authority.

MYERS, *P.J.,* September 2, 1977 — Plaintiff instituted suit in the United States District Court for the Eastern District of Pennsylvania against Rosdor Construction Company (Rosdor) and the municipal authority of the Town of Bloomsburg (Authority). The litigation arose out of a construction project taken over by plaintiff after the initial contractor was declared in default by Authority.

A change of venue was granted, and the litigation was transferred to the Middle District of Pennsylvania. Plaintiff then filed an amended complaint, and Authority filed a motion to dismiss for failure to join Allegheny Mutual Insurance Company (Allegheny) and Wisconsin Surety Company (Wisconsin) as indispensable parties.

The District Court found that Allegheny and Wis-

consin were indispensable parties. The Third Circuit Court of Appeals affirmed the ruling of the District Court. Accordingly, diversity jurisdiction of Federal Court was thereby defeated, and plaintiff's amended complaint was dismissed.

Plaintiff then filed the instant action in this court. Authority again filed preliminary objections raising the defense of nonjoinder of necessary parties. That issue is now before this court for disposition.

The instant dispute specifically concerns certain payment and construction contracts entered into by plaintiff Authority and Rosdor. Plaintiff signed the contracts "on behalf of itself and Allegheny and Wisconsin." The payment contract refers to these three parties as "sureties" and paragraph 6 of that contract provides as follows: "The Sureties shall be jointly and severally liable for performance hereof."

Under these circumstances, the issue before the court is whether the right of action alleged by plaintiff in its complaint (which includes the payment and construction contracts as exhibits) is a joint cause of action owned by plaintiff and the alleged indispensable parties, Wisconsin and Allegheny.

On the one hand, Authority contends that Allegheny and Wisconsin are parties to the contracts because of the contract language cited above. On the other hand, plaintiff claims that Allegheny and Wisconsin are merely reinsurers of its original bonds, and that its signature "on behalf of itself and Allegheny and Wisconsin" on the payment and construction contracts was intended to re-establish that relationship.

However, the payment and construction contracts do not mention any reinsurer relationship. To the contrary, the provision in paragraph 6 of the

payment contract is clearly inconsistent with the "reinsurer" concept asserted by plaintiff.

In our view, the contracts plainly show that Allegheny and Wisconsin have a contractual relationship with Authority. Accordingly, Allegheny and Wisconsin each could sue Authority under the contracts, just as plaintiff is doing in the instant case. Moreover, the doctrine of res judicata would not apply to any such subsequent litigation, because the parties would be different.

To eliminate the threat of multiple lawsuits, we believe that Allegheny and Wisconsin must be joined as indispensable parties. Our authority to require such joinder is found at Pa.R.C.P. 2227(b) and 2232(c).

Accordingly, Allegheny and Wisconsin shall be joined as parties to this suit.

## ORDER

And now, September 2, 1977, it is directed that Allegheny Mutual Casualty Company and Wisconsin Surety Company be joined as additional plaintiffs in this action.